Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Telebrands Corp.*



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/6/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TELEBRANDS CORP.,

*Plaintiff*

v.

WWW.CHRISTMAS-DECORS.COM,
WWW.TIDETAB.COM, and
WWW.HUMIAYO.COM,

*Defendants*

21-cv-7799 (CM)

[PROPOSED]
PRELIMINARY
INJUNCTION ORDER

# GLOSSARY

| Term | Definition |
|---|---|
| **Plaintiff or Telebrands** | Telebrands Corp. |
| **Defendants** | www.christmas-decors.com, www.tidetab.com and www.humiayo.com |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **Test Purchases** | The purchases of Defendants' Infringing Products made by Epstein Drangel from www.tidetab.com; and www.humiayo.com on August 19, 2021, and www.christmas-decors.com on August 20, 2021, which specified a shipping address in New York |
| **Complaint** | Plaintiff's instant Complaint |
| **Application** | Plaintiff's application for: 1) a temporary restraining order; 2) an order restraining Defendants' Websites (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing alternative service; and 5) an order authorizing expedited discovery |
| **Iyer Dec.** | Declaration of Bala Iyer in Support of Plaintiff's Application |
| **Drangel Dec.** | Declaration of Jason M. Drangel in Support of Plaintiff's Application |
| **Authentic Ruby Sliders Product** | Plaintiff's furniture leg cover that easily fits snuggly over virtually any size furniture leg and allows users to easily glide furniture over floors to prevent scratching, which features an ultra-tight, nano-weave material attached with industrial-strength adhesive |
| **Ruby Sliders Applications** | U.S. Trademark Application Nos.: 90/514,955 for "RUBY" for goods in Class 20, 90/888,762 for "RUBY SLIDERS" for goods in Class 20, and 90/879,340 for the trade dress, depicted as ⬤, for goods in Class 20 |
| **Ruby Sliders Trade Dress** | The trade dress covered by U.S. Trademark Application No. 90/879,340 depicted as ⬤ and defined as "a red pad on a furniture slider that contrasts with the upper portion of the furniture slider" for goods in Class 20 |
| **Ruby Sliders Marks** | The marks covered by the U.S. Trademark Application Nos.: 90/514,955 for "RUBY" for goods in Class 20, 90/888,762 for "RUBY SLIDERS" for goods in Class 20 |
| **Ruby Sliders Works** | U.S. Copyright Reg. Nos.: PA0002301012 covering the Ruby Sliders Commercial, TX0008975409 covering the Ruby Sliders Instruction Manual, VA0002253470 covering the Ruby Sliders Packaging |

i

|  | and VA0002253306 covering the Plaintiff's Website |
|---|---|
| **Plaintiff's Website** | Plaintiff's fully interactive website located at www.rubysliders.com |
| **Ruby Sliders Commercial** | Plaintiff's Ruby Sliders Work covered by U.S. Copyright Reg. No. PA0002301012 for the Ruby Slider Commercial |
| **Ruby Sliders Packaging** | Plaintiff's Ruby Sliders Work covered by U.S. Copyright Reg. No. VA0002253470 for the Ruby Sliders Packaging |
| **Infringing Products** | Defendants' products advertised, offered for sale and/or sold by Defendants via Defendants' Websites (as defined *infra*), which bear, use and/or are offered for sale and/or sold in connection with the Ruby Sliders Marks, Ruby Sliders Trade Dress and/or Ruby Sliders Works and/or which bear, use and/or are offered for sale and/or sold in connection with marks and/or artwork that are confusingly or substantially similar to the Ruby Sliders Marks, Ruby Sliders Trade Dress and/or Ruby Sliders Works and/or which are identical or confusingly or substantially similar to the Authentic Ruby Sliders Product |
| **Defendants' Website(s)** | Any and all fully interactive websites held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them, that use the Ruby Sliders Marks, that they operate to communicate with consumers regarding their Infringing Products and/or through which consumers purchase Infringing Products for delivery in the U.S., including, without limitation, Defendants' websites located at www.christmas-decors.com, www.tidetab.com and www.humiayo.com |
| **Third Party Service Providers** | Any third party providing services in connection with Defendants' Infringing Products and and/or Defendants' Websites, including, without limitation, Internet Service Providers ("ISP"), back-end service providers, web designers, merchant account providers, any providing shipping and/or fulfillment services, website hosts (such as Amazon.com, Inc.), domain name registrars (such as NameSilo, LLC), and domain name registries and search engine and social media marketing and promotional services (such as Google Ads) |

WHEREAS, Plaintiff having moved *ex parte* on September 21, 2021 against Defendants for the following: 1) a temporary restraining order; 2) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing alternative service; and 5) an order authorizing expedited discovery;

WHEREAS, on September 22, 2021, the Court entered an Order ("TRO"), granting Plaintiff's Application and scheduling a show cause hearing on Plaintiff's Application for a Preliminary Injunction Order for October 4, 2021 at 11:00 a.m. ("PI Show Cause Hearing");

WHEREAS, on September 23, 2021, pursuant to the alternative methods of service authorized by the TRO (namely by sending an email containing both PDF copies and a secure link containing the below mentioned documents to Defendants through a program called Rmail which provides Plaintiff with a receipt indicating whether the email sent was successfully delivered to the specified email addresses), Plaintiff served the Summons, Complaint, TRO and all papers filed in support of the Application on three of Defendants' email addresses: denchikdrandin@gmail.com, support@humiayo.com and pazhenkovborya@gmail.com, but was unable to serve these documents on two of Defendants' email addresses: info@christmas-decors.com and info@tidetab.com;

WHEREAS, on September 30, 2021, the Court entered an Order granting Plaintiff's request to hold the PI Show Cause Hearing by telephone ("September 30, 2021 Order");

WHEREAS, on September 30, 2021, pursuant to the alternative methods of service authorized by the TRO (namely by sending an email containing both a PDF copy and a secure link containing the below mentioned order to Defendants through a program called Rmail which provides Plaintiff with a receipt indicating whether the email sent was successfully delivered to the specified email addresses), Plaintiff served the September 30, 2021 Order on two of

1

Defendants' email addresses: denchikdrandin@gmail.com and pazhenkovborya@gmail.com, but was unable to serve the Order on three of Defendants' email addresses: info@christmas-decors.com, info@tidetab.com and support@humiayo.com;

WHEREAS, on October 4, 2021 at 11:00 a.m., Plaintiff appeared at the PI Show Cause Hearing, however, no Defendants appeared.

## ORDER

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this litigation, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

    a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

        i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Infringing Products or any other products bearing the Ruby Sliders Works, Ruby Sliders Marks and/or Ruby Sliders Trade Dress and/or marks and/or artwork that are confusingly and/or substantially similar to, identical to and/or constitute a counterfeiting or infringement of the Ruby Sliders Works, Ruby Sliders Marks and/or Ruby Sliders Trade Dress;

        ii. directly or indirectly infringing in any manner Plaintiff's Ruby Sliders Works, Ruby Sliders Marks and Ruby Sliders Trade Dress;

        iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Ruby Sliders Works, Ruby Sliders Marks and/or Ruby Sliders Trade Dress, to

        identify any goods or services not authorized by Plaintiff;

  iv.  using Plaintiff's Ruby Sliders Works, Ruby Sliders Marks and/or Ruby Sliders Trade Dress or any other marks and/or artwork that are confusingly or substantially similar to the Ruby Sliders Works, Ruby Sliders Marks and/or Ruby Sliders Trade Dress on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Infringing Products;

  v.  using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

  vi.  secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Infringing Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to Defendants' Websites and/or the manufacturing, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Infringing Products;

vii. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

viii. marketing and advertising (in Google Ads or otherwise), linking, transferring, selling and/or operating Defendants' Websites;

ix. registering, trafficking in or using any domain names that incorporate any of Plaintiff's Ruby Sliders Marks, or any colorable imitation thereof; and

x. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(ix) above and 1(b)(i) through 1(b)(i) and 1(c)(ii) below.

b) Accordingly, the Third Party Service Providers and Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

i. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defendants' Websites; and

ii. knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(ix) and 1(b)(i) above and 1(c)(ii) below.

c) Accordingly, the Third Party Service Providers are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and

determination of this action or until further order of the Court:

    i. providing services to Defendants, including, without limitation, those relating to the continued operation of Defendants' Websites and the marketing and promotion of Defendants' Websites;

    ii. permitting the transfer, sale and/or assignment of Defendants' Websites; and

    iii. knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(ix), 2(b)(i) and 1(c)(i) through 1(c)(ii) above.

2. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

    a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

    b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order, their respective officers, employees, agents, servants and attorneys and all persons in active concert or participation with any of them who receive actual notice of this Order shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

    c) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or

control (whether located in the U.S. or abroad) relating to Defendants' Websites, including, but not limited to, documents and records relating to:

    i. account details, including, without limitation, identifying information and URLs for any and all accounts or websites that Defendants have ever had and/or currently maintain with the Third Party Service Providers;

    ii. the identities, location and contact information, including any and all e-mail addresses of Defendants;

    iii. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Infringing Products, or any other products bearing the Ruby Sliders Works, Ruby Sliders Marks and/or Ruby Sliders Trade Dress and/or marks or artwork that are confusingly or substantially similar to, identical to and constitute an infringement of the Ruby Sliders Works, Ruby Sliders Marks and/or Ruby Sliders Trade Dress.

3. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on, and shall be deemed effective as to Defendants if it is completed by one of the following means:

a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com or via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download a PDF copy of this Order, to Defendants' e-mail addresses, denchikdrandin@gmail.com, info@christmas-decors.com, support@humiayo.com, pazhenkovborya@gmail.com and info@tidetab.com.

4. As sufficient cause has been shown, that such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

5. As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

   a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Amazon will be able to download a PDF copy of this Order via electronic mail to legal@amazon.com and registrar-abuse@amazon.com;

   b) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where NameSilo, LLC will be able to download a PDF copy of this Order via electronic mail to abuse@namesilo.com; and

   c) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Google will be able to download a PDF copy of this Order via electronic mail to emilyburns@google.com and ads-counterfeits@google.com.

6. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

7. The $1,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

8. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

9. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this 6 day of October, 2021, at 11:30 A.m.
New York, New York

HON. COLLEEN MCMAHON
UNITED STATES DISTRICT JUDGE